**Fill in this information to identify the case:**

Debtor 1   Robert McNair
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **District of Oregon**
Case number:  **19–30102**

# Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

State Farm Bank

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

State Farm Bank
Name
PO Box 2328
Bloomington, IL 61702–2328

Contact phone   888–860–8530 #2

Contact email

Where should payments to the creditor be sent? (if different)

Name

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410          Proof of Claim          page 1

| **Part 2:** | Give Information About the Claim as of the Date the Case Was Filed | | |
|---|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | | 7314 |
| 7. **How much is the claim?** | $ 4789.55 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money Loaned | | |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☑ Motor vehicle<br>☐ Other. Describe:<br><br>**Basis for perfection:**<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ 5000.00<br>**Amount of the claim that is secured:** $ 4789.55<br>**Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $<br><br>**Annual Interest Rate** (when case was filed) 2.69 %<br>☑ Fixed<br>☐ Variable | | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ | | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: | | |

Official Form 410           Proof of Claim           page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  4/10/2019
MM / DD / YYYY

/s/  /s/Tom McAvity
Signature

Print the name of the person who is completing and signing this claim:

Name: /s/Tom McAvity
First name   Middle name   Last name

Title: Attorney for Debtor

Company: NW Debt Relief
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 1312 Main St
Number   Street
Vancouver, WA 98660
City   State   ZIP Code

Contact phone: 503-232-5303   Email: tom@nwrelief.com

Official Form 410 — Proof of Claim — page 3

**Fill in this information to identify the case:**

Debtor 1: SCOTT MCNAIR

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Oregon
(State)

Case number  19-30102

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
State Farm Bank
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   State Farm Bank

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

State Farm Bank, FSB
Name
P O Box 2328
Number    Street
Bloomington        IL       61702-2328
City               State    ZIP Code

Contact phone  (888) 860-8530 option #2
Contact email  n/a

Where should payments to the creditor be sent? (if different)

State Farm Bank, FSB
Name
P O Box 2328
Number    Street
Bloomington        IL       61702-2328
City               State    ZIP Code

Contact phone  (888) 860-8530 option #2
Contact email  n/a

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ - __ __ __ __ - __ __ __ __ - __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 7 3 1 4

**7. How much is the claim?** $ 4,789.55

Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.
☑ Motor vehicle    15 MAZDA MAZDA3
☐ Other. Describe:

Basis for perfection:
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 5,000.00
Amount of the claim that is secured: $ 4,789.55
Amount of the claim that is unsecured: $ -    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ -

Annual Interest Rate (when case was filed) 2.69 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property:

Official Form 410                            Proof of Claim                                    page 2

| 12 | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|---|
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  4/4/2019
                  MM / DD / YYYY

_/s/ Signature_

Print the name of the person who is completing and signing this claim:

Name     Aubrey                                              Williamson
         First name          Middle name                     Last name

Title    Specialized Collections Representative

Company  State Farm Bank
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  State Farm Bank, FSB, ATTN: BCC Bankruptcy, PO BOX 2328
         Number              Street
         Bloomington                    IL              61702-2328
         City                            State           ZIP Code

Contact phone  (888) 860-8530 #2           Email _____

Official Form 410                        Proof of Claim                          page 3

## PROOF OF CLAIM CALCULATIONS
## ALL CALCULATIONS THROUGH DATE OF FILING

Debtor(s): SCOTT MCNAIR
Case No. 19-30102

**Claim:**

Loan Payoff as of Date of Filing
| | | |
|---|---|---|
| Principal Balance | $ | 4,789.55 |
| Accrued Interest | $ | - |
| Late Fees | $ | - |
| Misc Fees | $ | - |
| Total | | $ 4,789.55 |



**State Farm Bank®**

REFERENCE #: 769972741351830

## PROMISSORY NOTE AND SECURITY AGREEMENT

| Borrower: | SCOTT MCNAIR |
|---|---|
| Address: | 9753 N LEWIS AVE |
| | KANSAS CITY MO 64157 |
| Co-Borrower: | |
| Co-Borrower: | |
| Co-Borrower: | |
| Co-Borrower: | |
| Co-Borrower: | |

State Farm Bank, F.S.B.
Bloomington, IL
1-877-734-2265

Date: 03/20/2015

**Promise to Pay:** The undersigned ("Borrower", "you" or "your"), jointly and severally, promise(s) to pay to the order of State Farm Bank, F.S.B. ("Lender") at P.O. Box 5961, Madison, Wisconsin 53705-0961, the Amount Financed shown below with interest (Finance Charge) on the unpaid balance of the Amount Financed at the Annual Percentage Rate ("APR") shown below and accruing daily until the Amount Financed is paid in full. Interest shall be computed on the basis of a year consisting of 365/366 days and charged for the actual number of days elapsed. Borrower shall make payments according to the payment schedule shown below. The due date of the final payment is the final maturity of this Promissory Note and Security Agreement ("Note"), and any remaining unpaid amounts shall be due and owing on that date. The Total of Payments and Finance Charge shown below are estimates based on Borrower making the proper payment on each scheduled due date. Payments made after any due date will increase the total amount of Finance Charge and Total of Payments.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 2.690 % | $ 1,384.90 | $ 19,498.70 | $ 20,883.60 |

Your payment schedule will be:

| Number of Payments: | Amount of Payments: | When Payments are due: | |
|---|---|---|---|
| 60 | $348.06 | Monthly | Beginning 05/04/2015 |

☐ **[Variable Rate - Reduced Rate or Discount Program Enrollees]** (check if applicable)

The annual percentage rate may increase during the term of this transaction if: You stop participating in any reduced rate or discount program or you otherwise fail to qualify for any reduced rate or discount program. If increased, the APR will increase by the percentage the reduced rate or discount program had reduced it.
Any increase will take the form of higher payment amounts.
  Example based on a typical transaction:
  If your loan were for $17,000 at 6.45% APR for 60 months and the rate increased to 6.70% APR in one month, your regular payments would increase by $2.03.

**Property insurance is required.** You may obtain property insurance from anyone acceptable to the Lender.
**Credit Insurance:** Credit disability insurance is not required to obtain credit, and will not be provided unless you sign the Credit Insurance Disclosure Statement and agree to pay the additional cost for the term of this Note.
**Security:** You are giving a security interest in the motor vehicle, trailer, watercraft or off-road vehicle, and any proceeds thereof being purchased or refinanced with the loan proceeds, or used as collateral for this loan.

| Collateral/Vehicle | Year | Make | Model | Serial No. or VIN |
|---|---|---|---|---|
| Automobile | 2015 | MAZDA | MAZDA 3 | JM1BM1V79F1248114 |
| | | | | |
| | | | | |

**Filing Fee:** You agree to pay any lien filing fees.
**Late Charge:** If any payment is late more than 10 days you will be charged 5% of the unpaid payment or $10.00, whichever is greater.
**Prepayment:** If you pay this Note off in full within 12 months of the date of this Note, you will have to pay Lender a prepayment penalty of $100.
**Other Terms:** See your contract terms on all pages of this Note for any additional information about nonpayment, default, and required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

REFERENCE #: 769972741351830

IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THIS NOTE, YOU MAY LOSE THE VEHICLE YOU PURCHASED WITH THIS LOAN, OR WHICH SERVES AS COLLATERAL FOR THIS LOAN.

**USE OF AGENT:** Your financing may be obtained through clerical assistance of a State Farm® insurance agent or staff member; if so (1) no compensation of any kind is to be paid between the seller of your vehicle and the State Farm agent or staff member; and (2) no referral relationship or arrangement is to exist between the State Farm agent or staff member and the seller of your vehicle relating to the purchase of your vehicle or your loan unless this transaction is a "Purchase Money Loan" under 16 C.F.R. Section 433.1(d) authorized by Lender. Unless otherwise authorized by Lender, you are to receive the credit application, this Note, and other documentation for this loan directly from Lender or a State Farm agent or staff member and not from the seller of the vehicle and those documents are to be completed and executed directly with Lender or in the presence of the State Farm agent or staff member. If your loan is being obtained through the assistance of a third party ("Agent"), you understand that the Agent is not an employee of Lender and the Agent is not authorized to make representations or bind Lender.

IF THE FOREGOING DISCLOSURE IS NOT AN ACCURATE STATEMENT OF THE WAY YOUR LOAN TRANSACTION HAS BEEN HANDLED OR IF YOU DO NOT UNDERSTAND ANY OF THE DISCLOSURE INCLUDING WHAT CONSTITUTES A "PURCHASE MONEY LOAN," DO NOT EXECUTE ANY FURTHER DOCUMENTATION AND CONTACT STATE FARM BANK AT ONCE AT 1-877-734-2265.

By executing this Note you acknowledge that you have received this disclosure, that you have read this disclosure, that you understand this disclosure, and that your loan transaction has been handled in accordance with the conditions stated above.

<u>The following Notice applies only if the transaction is a "Purchase Money Loan" under 16 C.F.R. Section 433.1(d)</u>

### NOTICE

<u>ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.</u>

### ADDITIONAL TERMS AND PROVISIONS

**PAYMENTS:** All payments must be made in United States currency via check, money order, or electronic payment. Borrower may make a prepayment of principal in full or in part at any time before maturity. If Borrower prepays this Note in full, then Borrower may be required to pay Lender a prepayment penalty as disclosed above in the Truth in Lending Disclosures. Prepayments of principal and overpayments will be applied first to any outstanding late fees, then to principal of the next payment installment and will reduce or satisfy the next payment due. If Borrower prefers prepayment of principal to be applied to the last installment(s) and not excuse or defer any scheduled payments until this Note is paid in full, payment must be mailed along with instruction, to the address provided under Promise to Pay on page 1 of this Note. Interest will accrue on the unpaid principal balance regardless of whether payments are applied to the next payment due or to the last installment(s).

**SECURITY INTEREST:** To secure payment of this Note and all renewals and extensions hereof, Borrower grants and pledges to Lender a security interest in the vehicle described above, and all attachments and all accessions thereto and all proceeds thereof ("Collateral").

**PERFECTION OF SECURITY INTEREST:** Borrower is responsible for obtaining clear title to the Collateral, including removing or paying off any lien(s) on the Collateral and allowing Lender to place a first lien on the Collateral. To the extent allowed by applicable law, Lender is hereby appointed as Borrower's attorney-in-fact to do at Lender's option and at Borrower's expense all things necessary or desirable to perfect, keep perfected and maintain Lender's security interest in the Collateral, to protect such Collateral and to execute any document or instrument to perfect, keep perfected and protect such security interest of the Lender in the Collateral. IN NO EVENT WILL LENDER BE LIABLE TO BORROWER FOR FAILURE TO OBTAIN CLEAR TITLE TO THE COLLATERAL, INCLUDING REMOVING OR PAYING OFF ANY LIEN(S) ON THE COLLATERAL.

**COLLATERAL:** Borrower covenants, represents and agrees with Lender as follows: (a) that Borrower is the owner of the Collateral free from any lien, security interest, encumbrances or claim and will defend the Collateral against the claims and demands of all persons; and (b) that Borrower will not sell, lease or encumber the Collateral or grant any subsequent security interest therein nor part with possession thereof; and (c) that if Collateral is in the possession of Borrower, that Borrower will not remove the Collateral from the United States without the prior written consent of Lender; and (d) that Borrower will not use or permit the Collateral to be used in violation of any law, ordinance or policy of insurance covering said Collateral; and (e) that Borrower will maintain the Collateral in good condition and repair and shall pay taxes and assessments levied on the Collateral; and (f) that the Collateral will not be used as a residence. Borrower will promptly advise Lender of any change of address or change in location of the Collateral.

REFERENCE #: 769972741351830

**USE OF PROCEEDS:** The proceeds of this Note will be used to acquire the Collateral or to refinance prior indebtedness used to acquire the Collateral and Lender may disburse such proceeds to the seller of the Collateral or to such other lender.

**PAYMENT OBLIGATIONS:** Loss, theft, damage to, destruction and seizure of the Collateral shall not relieve Borrower from the payment and performance of any obligation hereunder or the indebtedness secured hereby.

**INSURANCE:** Borrower shall procure and maintain insurance on the Collateral for the full term of this Note against the risks of fire, theft, collision and such other risks as Lender may require in such amounts and conditions and with such insurers as are satisfactory to Lender; and Borrower shall deliver to Lender within ten (10) days from the date of the Note, a fully paid policy or policies of insurance containing a Lender's Loss Payable Clause (stating that the proceeds are payable to the Lender) in favor of Lender providing for ten (10) days prior written notice of cancellation. If Borrower shall fail, for any reason, to insure the Collateral as required by this Note, or if Borrower's insurance shall be canceled, Lender at its option, may procure such insurance as shall be deemed necessary by Lender and advance the premium therefore on behalf of Borrower. Borrower promises to pay such premiums to Lender, with interest thereon at the Annual Percentage Rate shown above, as additional indebtedness due hereunder and secured hereby, or Lender may, at its option, declare all obligations secured hereby to be immediately due and payable. Borrower assigns to Lender any unearned or returned premiums. To the extent allowed by applicable law, Lender is appointed Borrower's attorney-in-fact to endorse any check or draft payable to Borrower in order to collect such unearned premiums or any benefits of such insurance. All sums received by Lender as payment of insurance losses or for return of premiums under said policies of insurance shall, at the option of Lender, be applied to the unpaid principal balance or to currently maturing installments on this loan.

**PAYOFF PROTECTOR™:** AMOUNT WE WILL WAIVE: If the conditions of this provision are satisfied, we will waive the difference between your unpaid principal balance under this Note as of the date of the total loss ("Total Loss") and the entire insurance settlement less: (1) any past due or extended payment amounts (unless expressly agreed to in writing by the Lender), as of the date of the Total Loss; (2) any interest, fees, or charges incurred or assessed prior to or after the date of the Total Loss through the date of settlement; (3) any refundable portion of any credit insurance premium; and (4) any amount Borrower could otherwise have collected from any insurer through reasonable diligence. CONDITIONS: We will waive the amount set forth above, provided the following stipulations are met: (1) this provision and this Note are in effect; (2) the Collateral is determined to be a Total Loss by the primarily responsible insurer; (3) the insurance coverage on the Collateral required under this Note has been maintained, is currently in force, and the full amount of any insurance proceeds is paid to us; (4) Borrower has complied with all other terms and conditions of the Note (including making required payments as they become due while awaiting a settlement from the insurance company); (5) Borrower has paid us any deductions the insurance company may make when it honors the Borrower's claim (excluding the deductible amount); (6) no other coverage is available under any guaranteed asset protection coverage or credit insurance provided to Borrower under any insurance policy; (7) Borrower notifies us within sixty (60) days of the date following the Total Loss and provides us with a copy of the settlement, declarations page of the policy, any accident or police report and any other documentation we request; and (8) Borrower takes necessary steps to recover the Collateral and prevent or reduce any further loss to the Collateral; Borrower agrees to file a claim under any policy which may provide coverage upon our request. EXCLUSIONS: This provision will not apply if Borrower is 30 days or more past due as of the date of the Total Loss (notwithstanding anything to the contrary contained in this provision) or the Total Loss is (1) due to Borrower's surrender; or (2) due to acts of terrorism; or (3) excluded from coverage by the insurance coverage on the Collateral; or (4) in the event multiple pieces of Collateral appear on the Note, the amount waived for any one piece of Collateral shall be an amount of the outstanding principal balance equal to the proportionate value of the Collateral, determined by the Lender, as of the Note date and the original principal balance of the loan. TERM: This provision commences on the date this Note becomes effective and terminates on the date this Note is terminated. In no event will the amount waived or benefit to the Borrower exceed the outstanding loan balance. This is NOT an insurance policy.

**RETURNED INSTRUMENT CHARGE:** Borrower agrees to pay a charge of $25 for each check or instrument submitted as payment on this loan which is later returned unpaid.

**EVENTS OF DEFAULT AND ACCELERATION:** If Borrower shall default in the payment, when due, of any installment of this Note or in the payments or performance of any other obligation hereunder or indebtedness due to Lender, or in case of loss, substantial damage to, destruction, sale, encumbrance, concealment, removal, attachment or levy upon the Collateral; or if any proceeding shall be instituted by or against Borrower (or Borrower's business) under any bankruptcy, insolvency or similar statute; or Borrower shall make an assignment for the benefit of creditors, or Lender shall deem itself insecure; or upon the death or incompetency of any Borrower, endorser or co-signer; or if Borrower makes any representation, warranty, statement or signature to Lender that is false or misleading; then upon the happening of any of the foregoing events of default, Lender at its option may declare the unpaid balance of this Note including accrued interest and all other indebtedness and obligations of Borrower to Lender immediately due and payable, without notice or demand. Borrower agrees to pay all of Lender's reasonable costs and expenses in enforcing this Note or in realizing upon the Collateral, including court costs and reasonable attorneys' fees, to the extent permitted by applicable law (including bankruptcy or insolvency proceedings) in addition to an administrative fee of $150.00 assessed by Lender.

REFERENCE #: 769972741351830

**REMEDIES OF LENDER:** Upon the occurrence of any event of default, the Lender shall have all of the rights and remedies of a secured party as provided by Article 9 of the Uniform Commercial Code, including, but not limited to, the right of Lender to take immediate possession of the Collateral and anything located therein, with or without judicial process, and for such purpose, to enter on the premises where such Collateral may be located. In the event of default, Borrower agrees to make the Collateral available to Lender at a place acceptable to Lender which is convenient to Borrower. In the event the Collateral is repossessed, Borrower will be assessed an administrative fee of $150.00 in addition to any repossession and storage charges. In the event of resale of the Collateral after repossession, Borrower expressly agrees that the requirements of reasonable notice shall be met if notice is delivered or mailed to Borrower at the address of Borrower shown herein prior to the sale or other disposition of the Collateral as provided by applicable law. Disposition of the Collateral may be made in any commercially reasonable manner. The net proceeds realized upon any sale or other disposition of the Collateral, after deducting expenses of the sale or other disposition, repossession or storage incurred by Lender, shall be applied to the payment of this Note and all other indebtedness or obligations of Borrower to Lender, in such manner as Lender shall elect. Lender shall account to Borrower for any surplus thereafter realized on such disposition. Borrower shall remain liable for any and all unpaid amounts remaining or any other deficiency, which Borrower agrees to pay immediately. All rights and remedies of Lender, whether provided for herein or conferred by law, are cumulative.

**ADDITIONAL REMEDIES:** Demand, presentment for payment, notice of dishonor, and notice of intent to accelerate are hereby waived by Borrower and all cosigners and endorsers hereon. Lender is authorized to appropriate and apply toward payment of this Note any other property belonging to Borrower in the possession of Lender, as well as any indebtedness of Lender to Borrower, and Lender is hereby given a first and prior lien upon such other property. All cosigners and endorsers consent that the time of payment may be extended or renewal notes taken by the holder hereof without notice and that such extension or renewal shall not discharge their liability hereon.

**PROCESSING OF PAYMENTS:** Lender's business days for processing payments are Monday through Friday, excluding Lender's holidays. Payments received on a non-business day will be processed on the next business day, and Finance Charges (interest) continue to accrue on the unpaid balance of the Note. The payment due date will not be extended if it falls on a non-business day, and in such event Borrower should make the payment to Lender in advance of the due date.

**PHONE NOTIFICATION:** Borrowers agree that State Farm Bank may contact Borrowers at the land line/cell phone numbers that have been provided on the application, or any phone numbers that Borrowers may provide in the future, either directly or through the use of an automated dialer.

**WAIVER AND SEVERABILITY:** No delay or omission by Lender in exercising any right or remedy shall operate as a waiver of such right or remedy or any other right or remedy. A waiver on any one occasion shall not act as a waiver for any other occasion. Lender may accept late or partial payments or payments marked "in full" or with similar language, without waiving any rights or remedies. If any provision of this Note is held invalid, such invalidity shall not affect the validity and enforceability of the remaining provisions of this Note.

**SUCCESSORS AND ASSIGNS:** All rights of Lender shall also benefit the successors and assigns of Lender, and all obligations of Borrower shall be binding upon Borrower's heirs, beneficiaries, personal representatives, successors and assigns. Borrower may not assign its rights and obligations under this Note, unless the Lender agrees in writing to such assignment. If there is more than one Borrower, their obligations hereunder shall be joint and several. Any changes to this Note must be in writing and signed by Lender.

**PRIVACY:** Lender does not share non-public personal information about you except as stated in the State Farm Privacy Policy which has been provided to you. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**GOVERNING LAW:** This Note is governed by federal law and, to the extent not preempted thereby, by the law of the State of Illinois. The acceptance of the Note is expressly conditioned upon Lender's approval and all proceeds will be disbursed by Lender at its principal office in Illinois. Regardless of where you live, your credit application will be forwarded to Lender in Illinois and Lender will process your application and make all lending decisions at its offices in Illinois. This Note is entered into in Illinois upon Lender's acceptance. All terms and conditions in this Note (including applicable fees) are material to the determination of the interest rate.

REFERENCE #: 769972741351830

Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (Borrower(s)) and us (Creditors) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NOTICE TO BORROWER: (A) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON EACH PAGE, EVEN IF OTHERWISE ADVISED. (B) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (C) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (D) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS NOTE.

ACKNOWLEDGEMENT: Borrower agrees to the terms of this Promissory Note and Security Agreement including the additional terms set forth on the preceding pages. Borrower acknowledges receipt of a completed copy of this Note and the credit insurance disclosure statement (if applicable) prior to consummation of the loan.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

BORROWER(S) SIGNATURES

X _[signature]_____    X _____
SCOTT MCNAIR

X _____             X _____

X _____             X _____


MEMBER FDIC
1000050

Page 5 of 5


EQUAL HOUSING LENDER
2009 125515 208 09-11-2013

# DUPLICATE MOTOR VEHICLE TITLE RECEIPT




Page 1 of 1

## OWNER INFORMATION

MCNAIR ROBERT S
7206 NE 73RD TER
KANSAS CITY, MO 64119

COUNTY: CLAY

### MAIL TO INFORMATION

MCNAIR ROBERT S
7206 NE 73RD TER
KANSAS CITY, MO 64119

TRANSFER ON DEATH

**OWNER(S)**
MCNAIR ROBERT S

### VEHICLE INFORMATION

| MAKE | YEAR | VEHICLE ID NUMBER | KIND OF VEHICLE | BODY STYLE | ODOMETER | ODOMETER CODE | PURCHASE DATE |
|---|---|---|---|---|---|---|---|
| MAZD | 2015 | JM1BM1V79F1248114 | PASSENGER | FODOR | 10 | NO COMPLETE CHANGE OF OWNERSHIP | 03/02/2015 |

BRAND CODE

### LIEN HOLDER(S) INFORMATION

STATE FARM BANK
PO BOX 5961
MADISON, WI 53705

LIEN DATE: 03/20/2015
SUBJECT TO FUTURE ADVANCES

### FEE ASSESSMENT INFORMATION

#### FEE INFORMATION

| DESCRIPTION - CODE | AMOUNT |
|---|---|
| TITLING FEE / DUPLICATE TITLE @ 8.50 - 0583 | $8.50 |
| MR/ATV/MFGHM PROCESSING FEE / GENERAL REVENUE PROCESSING FEE - 0616 | $2.50 |
| PROCESSING FEE / HIGHWAY TRANS PROCESSING FEE - 0705 | $2.50 |
| TOTAL PAID: | $13.50 |

Any false affidavit is a crime under Section 575.050 of Missouri Law.
This is your title application receipt and proof of lien perfection. Please retain for your records.

### SIGNATURE STATEMENT

I certify under penalty of perjury that the facts herein are true to the best of my knowledge.

SIGNATURE: **X SEE SUPPORTING DOCUMENTS**

NOTE: The Missouri Department of Revenue may electronically resubmit checks returned for insufficient or uncollected funds. Other restrictions may apply.

REPLACEMENT REASON: LOST

### MAIL TITLE TO INFORMATION

MCNAIR ROBERT S
7206 NE 73RD TER
KANSAS CITY, MO 64119

### NOTARY INFORMATION

SEE SUPPORTING DOCUMENTS

### FOR OFFICE USE ONLY

NMVTIS Control ID:
1505031132020001

Your Opinion Matters! Please tell us if our service met your expectations at www.dor.mo.gov.

MV MAIL IN
Office: 245001
Operator - Time: OU0683 - 6/3/2015 11:33:12 AM
Workstation: 112
Shipment: 290

Missouri Department of Revenue
PO Box 100
Jefferson City, MO 65105-0100
(573) 526-3669
www.dor.mo.gov/mvdl

